[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose birth name was Allmond, was married to the defendant at Brookfield, Connecticut, on September 24, 1990.
Both of the parties have been residents of the State of Connecticut continuously for at least one year prior to the commencement of these proceedings.
One child was born to the wife, to wit: Paulina Valerie, born April 3, 1991. The child is issue of the marriage.
This case was tried over a period of four days. However, because the plaintiff's counsel was late in filing his post-trial brief, the court would not consider the brief. A motion was subsequently filed, and the court, on May 16, 1994, in an effort not to penalize the plaintiff for her attorney's failure to comply with the court order, reconsidered and accepted the brief.
The plaintiff wife is thirty-one (31) years of age and in apparent good health. This is her second marriage. On November 2, 1992, she separated from the defendant and they have remained apart since that date.
Plaintiff testified that her husband was extremely critical of her, both in private and in public. The court need not recite her testimony as to the names he called her. Suffice it to say that the words were crude, vulgar and derisive. She stated that this occurred so often that with the passage of time she began to believe that perhaps he was right. She also stated that he struck her at least six (6) times.
At the time of the marriage, she was employed at her husband's restaurant, LaFortuna, as a hostess. She also did some bookkeeping, hiring, ordering, scheduling and the payment of bills.
The plaintiff has a high school education and is a certified hairdresser. At the time of the trial, her only source of income was from baby sitting jobs. She reports income of $150 per week CT Page 8158 gross and $125.52 net.
Remarkably, the plaintiff has made no claim, in the post-trial brief, for periodic alimony or for any property distribution. Further, there was little or no examination of the defendant relative to his finances. The court can only conclude that although the complaint asks the court for alimony and a distribution of property, these claims have now been abandoned.
Since both parties testified that the marriage has broken down irretrievably and neither is seeking alimony or a property distribution, the court will now address the only issue remaining, that of child custody.
Both seek sole custody and both present proper credentials for consideration by this court. The child would not suffer with either parent. The defendant paraded a host of witnesses before the court attesting to his abilities as a parent. In fact, the attorney for the minor child recommends him as the custodial parent.
However, the Family Services counselor recommended that the mother be the custodial parent. This court agrees. The testimony of the Family Relations officer and the mother have convinced this court that the best interests of the child would be served by vesting sole custody with the mother.
Having considered all of the testimony and the applicable Connecticut Statutes, the court further finds and orders as follow:
1. The marriage has broken down irretrievably, there is no prospect of any reconciliation and a decree of dissolution may enter.
2. Custody of the minor child is given to the mother and the father shall have the following rights of visitation:
 A. The defendant father shall have visitation with the minor child from Sunday at 12:00 p. m. through Thursday at 9:00 a.m. This schedule should accommodate the plaintiff's three day work schedule and the defendant's busiest weekend restaurant hours.
 B. The exchange of the child shall take place at the carousel at the Danbury Fair Mall. CT Page 8159
 C. The defendant father shall have telephone access to the minor child on Fridays between 6:30 and 7:00 p. m., and the plaintiff mother shall have telephone access to the minor child on Tuesdays between 6:30 and 7:00 p. m.
 D. On Thanksgiving weekend, the plaintiff mother shall pick up the minor child at 4:00 p. m. rather than 9:00 a.m.
 E. For Christmas, 1994, the minor child shall be with the plaintiff mother from Christmas Eve at 4:00 p. m. through Christmas Day at 1:00 p. m., and with the defendant father from Christmas Day at 1:00 p. m. until December 26, at 4:00 p. m. The parties shall alternate the above schedule in following years.
 F. The father shall participate in the parenting education classes.
 G. Both parties shall have free access to all information concerning the health, education and welfare of the child.
 H. If the plaintiff does in fact relocate to South Carolina, a study of the living arrangements and work schedule of the plaintiff should be requested from a family services or child welfare department in the area. Because of the tender age of the child, frequent contact with both parents is preferable to long periods of separation.
3. Neither party is awarded alimony, the court rejects the claim of the defendant that the wife embezzled funds. This was not proven at trial.
4. The husband shall pay to the wife the sum of $150 per week as child support. The court finds the guidelines inapplicable given the amount for visitation given the noncustodial parent.
5. The husband shall be responsible for the payment of Attorney Reynolds' fee and shall pay this within thirty (30) days. He shall hold the wife harmless.
Mihalakos, J. CT Page 8160